Mark G. Tratos, Esq.
Nevada Bar No. 1086
tratosm@gtlaw.com
Shauna L. Norton, Esq.
Nevada Bar No. 11320
nortons@gtlaw.com
Bethany L. Rabe, Esq.
Nevada Bar No. 11691
rabeb@gtlaw.com
Greenberg Traurig, LLP
10845 Griffith Peak Dr.
Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| VLADIMIR KUSH, an individual; and KUSH FINE ARTS LAS VEGAS, INC., a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ARIANA GRANDE-BUTERA, p/k/a ARIANA GRANDE , an individual; UNIVERSAL MUSIC GROUP RECORDINGS, INC., a/k/a UMG RECORDINGS, INC., a Delaware corporation; DAVE MEYERS, an individual; NATHAN SCHERRER, an individual; FREENJOY, INC. a California corporation;<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

For their complaint against Defendants ARIANA GRANDE-BUTERA, p/k/a ARIANA GRANDE, an individual; UNIVERSAL MUSIC GROUP RECORDINGS, INC., a/k/a UMG RECORDINGS, INC. ("UMG"), a Delaware corporation; DAVE MEYERS, an individual; NATHAN SCHERRER, an individual; FREENJOY INC. ("Freenjoy"), a California corporation (collectively, "Defendants"), Plaintiffs Vladimir Kush and Kush Fine Arts Las Vegas, Inc. ("Plaintiffs") hereby complain and alleges as follows:

## NATURE OF ACTION

This is an action for copyright infringement, vicarious copyright infringement, contributory copyright infringement, falsification and removal of copyright management information, false endorsement/association, violations of Nevada's Deceptive Trade Practices Act, and unjust enrichment based on the use of Plaintiffs' imagery without permission in a music video (the "Infringing Video"). Plaintiffs seek damages, attorneys' fees, costs, and preliminary and permanent injunctive relief.

## JURISDICTION

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§1331 and 1338(a) and (b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

2. This Court has personal jurisdiction over Defendants because each Defendant has continuous and systematic contacts with Nevada, regularly transacts business in Nevada, has committed a tortious act in Nevada, and/or has committed a tortious act causing damage to Plaintiffs in Nevada.

3. Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. § 1391(b). Venue lies in the unofficial Southern Division of this Court.

## PARTIES

4. Plaintiff Vladimir Kush is a world-renowned visual artist, with a career spanning multiple decades. While his formal training was in Russia, he immigrated to the United States in 1990. Mr. Kush is a U.S. citizen and lives in Las Vegas, where two of his children were born. His art, in the style of Metaphorical Realism, is instantly recognizable and has been exhibited all over the world. He has fine art galleries in California and Hawaii, and two galleries in Las Vegas, Nevada, where he sells originals and limited edition reproductions, sculptures, art books of his works, and his jewelry. He also displays some of his work on webpages, including www.vladimirkush.com and www.metaphoricalrealism.com. His art is widely accessible via the Internet through various blogs and websites, and in books such as *Metaphorical Journey*. Plaintiff Kush Fine Arts Las Vegas Inc. is a Nevada corporation that operates Mr. Kush's art business.

5. Defendant Ariana Grande-Butera, p/k/a Ariana Grande, is a famed singer and songwriter. She has met with extraordinary commercial success, with numerous number one songs and albums. In 2018, she was named Billboard's Woman of the Year, joining the ranks of such past recipients as Madonna, Lada Gaga, and Taylor Swift.

6. Defendant Universal Music Group Recordings, Inc., a/k/a UMG Recordings, Inc., ("UMG") is a major record label, headquartered in Santa Monica, California but transacting business all over the world. Defendant Republic Records is a division of UMG Recordings. The copyright in the Infringing Video is purportedly owned by "Republic Records, a Division of UMG Recordings, Inc."

7. Defendant Dave Meyers is an individual and the director of the Infringing Video. He is a well-known director who has previously directed a number of Ms. Grande's music videos, including "No Tears Left to Cry," a nominee for the MTV Video Music Award for 2018 Video of the Year.

8. Defendant Nathan Scherrer is an individual and the producer of the Infringing Video. Mr. Scherrer has created a highly successful career producing music videos for various celebrity artists.

9. Defendant Freenjoy Inc. ("Freenjoy") is a production company owned by Defendant Nathan Scherrer, and is the production company associated with the Infringing Video.

10. There may be additional persons or entities who participated in, facilitated, encouraged, had authority over, or had a financial stake in the infringement and actions described herein. Plaintiffs reserve the right to add parties as the case proceeds and additional information is uncovered.

**ALLEGATIONS COMMON TO ALL COUNTS**

**Mr. Kush Creates the Works and Obtains Copyright Registrations**

11. Mr. Kush is a professional artist. He creates drawings, paintings, sculptures, and jewelry because art is his lifelong passion, but art is also how he makes his living: he sells original drawings, paintings, sculptures, jewelry, books, and apps, as well as authorized limited edition reproductions, to collectors. He also licenses his work to those who seek to use it for other purposes.

The images created by Mr. Kush have been reproduced on numerous book covers, as well as music albums, and have won international contests.

12. In 1999 and 2000, Plaintiffs obtained copyright registrations for two of Mr. Kush's paintings entitled "The Candle" and "The Candle 2" (collectively, the "Works").

13. The Candle 2 is a Metaphorical fine art painting depicting the silhouette of a woman with raised arms as the wick in the center of the flame of a candle, against a bluish sky with clouds. The light of the flame radiates outward in lines of light, the clouds form a centering ring of sorts around the flame, and the image is set against a pastel palette of colors, including blues, yellows, and oranges. The Candle 2 is very similar to The Candle. The Candle and The Candle 2 are displayed below:



14. Plaintiffs maintain a publicly-available website where fans and prospective buyers can learn about Mr. Kush, find gallery locations, purchase Mr. Kush's books, and generally follow Mr. Kush's doings.

15. The website, www.vladimirkush.com, includes a section where interested buyers can browse available editions of his work. The Candle is displayed on Plaintiffs' website accompanied by text describing the painting's spiritual roots: "…a woman holds the torch of the spiritual light

LV 421270356v5

dispersing the dark night of ignorance. Inspired by spiritual passion she turns herself to the invisible forces of the cosmos controlling the elements on Earth."

16. The image, as it appears on Plaintiffs' website, is as follows:



17. The Candle also appears on www.metaphoricalrealism.com. There, the image contains a watermark with a copyright notice: © VLADIMIR KUSH ALL RIGHTS RESERVED, as well the web addresses for both of Plaintiffs' websites. The images on both websites have Mr. Kush's signature visible in the lower right hand corner of the painting.

18. The Candle also appears in Mr. Kush's book entitled "Metaphorical Journey." This book is widely available to the general public for purchase; 22,000 copies have been printed.

**Defendants Appropriate Mr. Kush's Art for Their Infringing Video**

19. In the summer of 2018, Ms. Grande released a sensual song entitled "God is a Woman." The song was a hit, spending 22 weeks on the *Billboard* Hot 100 chart, reaching number eight.

20. Defendants created a music video to promote "God is a Woman" (the "Infringing Video"). The Infringing Video features Ms. Grande depicted in scenarios with religious or godlike figures, such as in an altered version of the Michelangelo painting *The Creation of Adam*, the she-

wolf suckling Romulus and Remus, and part of the three-headed dog Cerberus.  Among other scenarios, Ms. Grande is also depicted circling her hips inside a galaxy, dancing in a gospel choir, and walking a tightrope holding balloons that are actually planets.

21. One of the scenarios depicted, which appears in three different portions of the four-minute video, is Ms. Grande dancing inside the flame of a candle.  This depiction of Ms. Grande is strikingly similar to Plaintiffs' copyrighted Works, using the silhouette of Ms. Grande as the replacement of the woman as the wick in the candle .

22. While there are many ways to depict a woman dancing in the wick of a candle – even with a heavenly background – Defendants clearly copied Mr. Kush's expression of this idea. Specifically, Defendants chose to use the same color palette, the same background of a cloudy sky, the same ring effect of the clouds around the flame, the same light beams radiating from the flame, and the same color candle, light fading to dark. The area around the feet of the woman/wick is also bright light.  The minor differences of the angle of the viewer does not change the viewers' impression that the imagery is nearly identical.  Defendants' depiction is as follows:



23. The Infringing Video currently has nearly 200,000,000 views.  The video can be seen on YouTube at https://www.youtube.com/watch?v=kHLHSlExFis.

**Defendants Did Not Obtain Permission…Again.**

24. Defendants did not obtain permission from Plaintiffs to recreate Plaintiffs' painting(s) in the Infringing Video.

25. In fact, Mr. Kush was shocked to learn of the use of his Works, which he discovered when he learned of an online article discussing the scenes from the Infringing Video. *See, e.g.,* https://www.popsugar.com/entertainment/photo-gallery/45047895/image/45047948/Flame.

26. Unfortunately, this appears to be a growing pattern for certain Defendants. Defendant Freenjoy (of which Defendant Scherrer is president) and Defendant Director Dave Meyers were sued in 2018 by another well-known visual artist, Lina Iris Viktor, for copying her distinctive paintings and using them without permission in a music video. *See Viktor v. Lamar*, 1:18-cv-01554-PAE, ECF No. 1 (S.D.N.Y. February 20, 2018).

27. As in this case, the paintings at issue were available for viewing online on the artist's webpage and at various galleries. As in this case, the images used in the music video are nearly identical to the work of a fine artist (artist's image on the left, music video image on the right, excerpted from ECF No. 1, 1:18-cv-01554-PAE).

 

LV 421270356v5



28.  Notably, all of the named Defendants would have been on notice of the copyright lawsuit against Mr. Meyers and Freenjoy at the time they were making the video for "God is a Woman," as the *Viktor* lawsuit was publicly filed in early 2018.

29.  Likewise, Defendant Scherrer was the producer of world-renowned singer Beyoncé's *Formation* music video, for which he won numerous accolades, including a Grammy and three MTV Video Music Awards.  That video was the subject of a copyright infringement lawsuit in which it was alleged that the song *Formation* incorporated audio from a New Orleans performance comedian, music artist, and MC named Anthony Barré (p/k/a Messy Mya) without permission.  *See Estate of Anthony Barré v. Beyoncé Knowles Carter, et seq.*, 2:17-cv-01057-NJB-MBN, ECF No. 1, 2 (Filed Feb. 6, 2017).  The defendants in that lawsuit defended in part by alleging that the infringing audio snippets from Mr. Barré's work appeared only in the music video, and as such, the court should dismiss any defendants without a connection to the music video. *See id.*, 2:17-cv-01057-NJB-MBN, ECF No. 50-1.  The court denied the motion to dismiss the copyright infringement, Lanham Act, and unfair trade practices claims (as to those defendants and on the substantive arguments),[1] but it is worth noting that the infringing content was apparently added to the song as part of the music video that Defendant Scherrer produced.

---

[1] *See Estate of Barré v. Carter*, 272 F.Supp.3d 906 (E.D. La. 2017).

30. All named Defendants would have been on notice of this lawsuit as well, as it was publicly filed in 2017.

31. Defendants have profited from the unauthorized use of Plaintiffs' Works as an integral part of Defendants' music video.

**FIRST CLAIM FOR RELIEF**

**Direct Copyright Infringement Under 17 U.S.C. § 501 et seq.**

32. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

33. Plaintiffs own a valid copyright in and to the Works.

34. The Works constitute copyrightable subject matter, as they are works within the meaning of Section 102(a) of the Copyright Act of 1976 ("The Copyright Act").

35. The Works are original works of authorship fixed in a tangible medium of expression from which they can be perceived, as they are works of visual art. Plaintiffs have taken all reasonable steps necessary to protect the copyrights, including obtaining U.S. Copyright Registrations for the Works, Registration Nos. VA 999-874 and VA 1-039-181.

36. Defendants had access to the Works via Plaintiffs' publicly available website or elsewhere on the Internet, and/or the publicly available book *Metaphorical Journey*, and appropriated the original expression therefrom, including specific expressive elements and the total concept and feel of the Works. Additionally, the images have been available for purchase as limited editions in the Kush Fine Art Galleries over many years.

37. Without the knowledge, approval, or consent of Plaintiffs, Defendants willfully infringed Plaintiffs' copyright and continue to do so by reproducing, copying, duplicating, displaying, distributing, altering, creating a derivative work, and/or otherwise using Plaintiffs copyrighted Works for Defendants' own commercial purposes via the Infringing Video, which is strikingly or substantially similar to the Works.

38. Defendants' unlawful activities violate Plaintiffs' exclusive rights under the Copyright Act and constitute willful and intentional infringement.

39. Such infringement has caused harm, and continues to cause harm to Plaintiffs.

LV 421270356v5

40. As a direct and proximate result of Defendants' copyright infringement, Plaintiffs have suffered monetary damages and irreparable injury to their business, reputation, and goodwill.

41. Plaintiffs have complied in all respects with the statutory requirements for the creation and enforcement of Mr. Kush's copyright in the copyrighted Work; therefore, Plaintiffs are entitled to an award of statutory damages for Defendants' infringement. In the alternative, Plaintiffs are entitled to an award of actual damages and Defendants' profits.

42. Defendants' conduct has made it necessary for Plaintiffs to retain counsel to file this suit and otherwise enforce their rights, and as such, Plaintiffs are entitled to recover reasonable attorneys' fees and costs incurred in connection herewith.

## SECOND CLAIM FOR RELIEF

### Vicarious Copyright Infringement

43. Plaintiffs incorporate by reference all of the above allegations as if fully restated herein.

44. Defendants, and each of them, obtained a direct financial benefit from their infringing activity.

45. Defendants, and each of them, collaborated on the Infringing Video and had the right and ability to supervise or control the infringing activity of one another.

46. Defendants, and each of them, failed to exercise that right or ability, resulting in damages to Plaintiff.

47. Defendants' unlawful activities violate Plaintiffs' exclusive rights under the Copyright Act and constitute willful and intentional infringement.

48. Such infringement has caused harm, and continues to cause harm to Plaintiffs.

49. As a direct and proximate result of Defendants' copyright infringement, Plaintiffs have suffered monetary damages and irreparable injury to their business, reputation, and goodwill.

50. Plaintiffs have complied in all respects with the statutory requirements for the creation and enforcement of Mr. Kush's copyright in the copyrighted Work; therefore, Plaintiffs are entitled to an award of statutory damages for Defendants' infringement. In the alternative, Plaintiffs are entitled to an award of actual damages and Defendants' profits.

LV 421270356v5

51. Defendants' conduct has made it necessary for Plaintiffs to retain counsel to file this suit and otherwise enforce their rights, and as such, Plaintiffs are entitled to recover reasonable attorneys' fees and costs incurred in connection herewith.

### THIRD CLAIM FOR RELIEF

**Contributory Copyright Infringement**

52. Plaintiffs incorporate by reference all of the above allegations as if fully restated herein.

53. Defendants, and each of them, knew or should have known of the infringing activity.

54. Defendants, and each of them, intentionally contributed to the infringing activity via their collaboration on the Infringing Video.

55. Defendants' unlawful activities violate Plaintiffs' exclusive rights under the Copyright Act and constitute willful and intentional infringement.

56. Such infringement has caused harm, and continues to cause harm to Plaintiffs.

57. As a direct and proximate result of Defendants' copyright infringement, Plaintiffs have suffered monetary damages and irreparable injury to their business, reputation, and goodwill.

58. Plaintiffs have complied in all respects with the statutory requirements for the creation and enforcement of Mr. Kush's copyright in the copyrighted Work; therefore, Plaintiffs are entitled to an award of statutory damages for Defendants' infringement. In the alternative, Plaintiffs are entitled to an award of actual damages and Defendants' profits.

59. Defendants' conduct has made it necessary for Plaintiffs to retain counsel to file this suit and otherwise enforce their rights, and as such, Plaintiffs are entitled to recover reasonable attorneys' fees and costs incurred in connection herewith.

### FOURTH CLAIM FOR RELIEF

**Falsification and Removal of Copyright Management Information**

**Pursuant to 17 U.S.C. § 1202**

60. Plaintiffs incorporate by reference all of the above allegations as if fully restated herein.

LV 421270356v5

61. By engaging in the conduct described herein, Defendants knowingly, and with the intent to induce, enable, facilitate, or conceal copyright infringement, provided copyright management information that is false, and/or distributed copyright management information that is false, specifically, by affixing to the Infringing Video a copyright notice designating the copyright owner as "Republic Records, a Division of UMG Recordings, Inc."

62. The Works contain copyright management information, specifically, Plaintiff Kush's signature, which identifies him as the author of the Works.

63. By engaging in the conduct described herein, Defendants, without the authority of Plaintiffs or the law, intentionally removed Plaintiff Kush's copyright management information from the Works when they were appropriated for use in the Infringing Video, and distributed and/or publicly performed the Works, knowing that copyright management information had been removed without the authority of Plaintiffs or the law, and knowing that it would induce, enable, facilitate, or conceal an infringement of Plaintiffs' rights.

64. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered monetary damages and irreparable injury to their business, reputation, and goodwill.

65. Plaintiffs are entitled to damages pursuant to 17 U.S.C. § 1203.

66. Defendants' conduct has made it necessary for Plaintiffs to retain counsel to file this suit and otherwise enforce their rights, and as such, Plaintiffs are entitled to recover reasonable attorneys' fees and costs incurred in connection herewith.

## FIFTH CLAIM FOR RELIEF

### False Association/Endorsement Pursuant to 15 U.S.C. § 1125(a)

67. Plaintiffs incorporate by reference all of the above allegations as if fully restated herein.

68. Plaintiffs' distinctive imagery is instantly recognizable among members of the public, who closely associate the same with renowned visual artist Plaintiff Vladimir Kush.

69. Defendants' intentional and willful use in commerce of Plaintiffs' well-known and recognizable imagery in their music video constitutes a false designation of origin and/or a false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or

1  deceive as to affiliation, connection, or association with Plaintiffs, or as to the origin, sponsorship, or
2  approval of Defendants' services or commercial activities by Plaintiffs.

3  70. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered
4  monetary damages and irreparable injury to their business, reputation, and goodwill.

5  71. Defendants' conduct has made it necessary for Plaintiffs to retain counsel to file this
6  suit and otherwise enforce their rights, and as such, Plaintiffs are entitled to recover reasonable
7  attorneys' fees and costs incurred in connection herewith.

## SIXTH CLAIM FOR RELIEF

### Violations of Nevada Deceptive Trade Practices Statute, NRS 598

10  72. Plaintiffs incorporate by reference all of the above allegations as if fully restated
11  herein.

12  73. Defendants engaged deceptive trade practices pursuant to Nevada law by engaging in
13  the conduct outlined herein via violation of NRS 598, including the following:

   a. Defendants engaged in deceptive trade practices pursuant to Nevada law where, in the course of their businesses or occupations, they knowingly made a false representation as to the source, sponsorship, or approval of goods or services.

   b. Defendants engaged in deceptive trade practices pursuant to Nevada law where, in the course of their businesses or occupations, they knowingly made a false representation as to affiliation, connection, association with or certification by Plaintiffs.

   c. Defendants engaged in deceptive trade practices pursuant to Nevada law where, in the course of their businesses or occupations, they knowingly made a false representation as to the sponsorship, approval, status, affiliation or connection of Plaintiffs therewith.

24  74. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered
25  monetary damages and irreparable injury to their business, reputation, and goodwill.

26  75. Defendants' conduct has made it necessary for Plaintiffs to retain counsel to file this
27  suit and otherwise enforce their rights, and as such, Plaintiffs are entitled to recover reasonable
28  attorneys' fees and costs incurred in connection herewith.

LV 421270356v5

## SEVENTH CLAIM FOR RELIEF

### Unjust Enrichment

76. Plaintiffs incorporate by reference all of the above allegations as if fully restated herein.

77. Defendants wrongfully used Plaintiffs' work to profit from and make considerable sums of money for themselves, which they retained.

78. Defendants have been and continue to be unjustly enriched by the association with Plaintiffs.

79. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered monetary damages and irreparable injury to their business, reputation, and goodwill.

80. Defendants' conduct has made it necessary for Plaintiffs to retain counsel to file this suit and otherwise enforce their rights, and as such, Plaintiffs are entitled to recover reasonable attorneys' fees and costs incurred in connection herewith.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray that the Court grant the following relief:

A. A declaration that Defendants have infringed Plaintiffs' copyright in the copyrighted Works;

B. A preliminary and permanent injunction prohibiting Defendants, their respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, or any of them, from utilizing the Works in any manner whatsoever, including distribution or display of the Infringing Video;

C. An award of actual, compensatory, consequential, special, statutory, and/or punitive damages in an amount to be determined at trial;

D. An award of attorneys' fees and costs pursuant to the Copyright Act;

E. An award of damages pursuant to NRS 41.600 and NRS 598, including attorneys' fees and costs;

F. An award of interest as permitted by law; and

G. All other relief to which Plaintiffs are entitled.

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury.

DATED: this 31st day of January, 2019.

                                        **GREENBERG TRAURIG, LLP**

                                        */s/ Mark G. Tratos*
Mark G. Tratos (NV Bar No. 1086)
Shauna L. Norton (NV Bar No. 11320)
Bethany L. Rabe (NV Bar No. 11691)
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135

*Counsel for Plaintiffs*

LV 421270356v5